# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Stephen W. Lykens
Linda D. Lykens

Case No. 1:06CV01226 JDB

Plaintiff(s)   ADDENDUM TO COMPLAINT No. 1 (ONE)

v.

United States

        Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph - Sheppard Vendors of Am. V. Weinberger, 795 F 2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F 2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, F Supp.2d, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n 14; Houghton v. Schafer, 392 U.S. 639, 640 (1968)

Pursuant to The Federal Records Act, 44 USC Sec. 3101, and the National Archives Act, 44 USC Section 3106, the attached correspondence is a public record

**RECEIVED SEP 5 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT**

Pursuant to the Administrative Procedures Act, 5 USC 704, the attached correspondence is a final agency action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koemer (both **cases**) , 1,Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury.  In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally and properly result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply.  The Legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury.   I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed. Rules of Evd. Rule 902(1) the attached correspondence is self-authenticating.   Pursuant to Fed. Rules of Evd.Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to Plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

1. No. 05-1600 (D.D.C. Mar 31, 2006

Stephen W. Lykens v. United States        Page 2 of 4            Addendum to Complaint

reconsider the position taken in the attached correspondence (2) and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against Plaintiff(s) for pursuing the instant action.

Plaintiff(s) attest that plaintiff has made many requests to defendant's agency and that defendant's agency has consistently demonstrated bias and an unwillingness to reconsider any document sent to plaintiff(s).

Dated *August 28th*, 2006

_____                    _____
Stephen W. Lykens                            Linda D. Lykens
PO Box 408                                   PO Box 408
Twin Lake, MI 49457-0408                     Twin Lake, MI 49457-0408

## ACKNOWLEDGMENT

On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared, Stephen W. Lykens, Linda D. Lykens known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Michigan

ANNA VANGUILDER
Notary Public, Muskegon County, Michigan
My Commission Expires 12-30-2012
Acting in the County of Muskegon

---

2. The attached correspondence is provided solely to demonstrate that the defendant's agency has articulated a position that is a final agency action that defendant's agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

Stephen W. Lykens v. United States.        Page 3 of 4        Addendum to Complaint

## CERTIFICATE OF SERVICE

I certify that I have mailed the original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington, D.C., 20001,

and one copy to:

Tax Division, U.S. Dept. of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044.

Dated August 28th, 2006

_____
Stephen W. Lykens