UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Stephen W. Lykens
Linda D. Lykens                              Case No. 1:06CV01226 JDB

          Plaintiff(s)                       ADDENDUM TO COMPLAINT No. 2 (Two)

v.

United States

          Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph - Sheppard Vendors of Am. V. Weinberger, 795 F 2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F 2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, F Supp.2d, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n 14; Houghton v. Schafer, 392 U.S. 639, 640 (1968)

Pursuant to The Federal Records Act, 44 USC Sec. 3101, and the National Archives Act, 44 USC Section 3106, the attached correspondence is a public record.

Stephen W. Lykens v. United States.        Page 1 of 4        Addendum to Complaint

RECEIVED
SEP 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pursuant to the Administrative Procedures Act, 5 USC 704, the attached correspondence is a final agency action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both **cases**), 1,Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally and properly result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The Legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed. Rules of Evd. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Evd.Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to Plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

1. No. 05-1600 (D.D.C. Mar 31, 2006

reconsider the position taken in the attached correspondence (2) and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against Plaintiff(s) for pursuing the instant action.

Plaintiff(s) attest that plaintiff has made many requests to defendant's agency and that defendant's agency has consistently demonstrated bias and an unwillingness to reconsider any document sent to plaintiff(s).

Dated Sept. 13, 2006

_____     _____
Stephen W. Lykens                                    Linda D. Lykens
PO Box 408                                                  PO Box 408
Twin Lake, MI 49457-0408                      Twin Lake, MI 49457-0408

## ACKNOWLEDGMENT

On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared, Stephen W. Lykens, Linda D. Lykens known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her /their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Michigan

ANNA VANGUILDER
Notary Public, Muskegon County, Michigan
My Commission Expires 12-30-2012
Acting in the County of Muskegon

---

2. The attached correspondence is provided solely to demonstrate that the defendant's agency has articulated a position that is a final agency action that defendant's agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

Stephen W. Lykens v. United States.            Page 3 of 4            Addendum to Complaint

## CERTIFICATE OF SERVICE

I certify that I have mailed via Certified Mail No. 7003 1680 0002 1199 4658 the original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington, D.C., 20001,

and one copy to:

Tax Division, U.S. Dept. of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044.

and one copy to:

IRS, ACS Support-Stop 5050, PO Box 219236, Kansas City, MO 64121-9236.

Dated SEPTEMBER 13, 2006

*Stephen W. Lykens*
Stephen W. Lykens

Department of the Treasury
Internal Revenue Service
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

Date: JULY 05, 2006

Taxpayer Identification Number:
▇▇▇▇▇▇▇ L 00

7103 9819 9170 3413 5807

Caller ID: 121291

Contact Telephone Number:
TOLL FREE: 1-800-829-7650
BEST TIME TO CALL:
MON - FRI 8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-7650

LINDA D LYKENS
PO BOX 408
TWIN LAKE    MI    49457-0408081

# CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
# FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

## WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

## WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
- Pay the full amount you owe, shown on the back of this letter. When doing so,
  - Please make your check or money order payable to the United States Treasury;
  - Write your social security number and the tax year or employer identification number and the tax period on your payment; and enclose a copy of this letter with your payment.
- Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
- Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

## WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope

*383447097103*

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

Taxpayer Identification Number:

# *Penalty and Interest*

The penalty and interest charges on your account are explained below. If you want a more detailed explanation of your penalty and interest, please call the telephone number listed on the front of this notice/letter.

**Paying Late - IRC Section 6651 (a)(2)**

We charge a penalty when you do not pay your tax on time. Initially, the penalty is one half percent of the unpaid tax for each month or part of a month you didn't pay your tax.

**Interest - IRC Section 6601**

We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full. Interest compounds daily except on late or underpaid estimated taxes for individuals or corporations. Interest is also charged on penalties for late filing, over or understating valuations, and substantially understating the tax you owe.

Corporate Interest - We charge additional interest of 2% if, according to our records, you didn't make your corporate tax payment within 30 days after the IRS notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment on tax amounts you owe over $100,000, minus your timely payments and credits.

| Account Summary | | LINDA D LYKENS | | | |
|---|---|---|---|---|---|
| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | Total |
| CIVPEN | 12-31-2003 | $ 500.00 | $ 15.06 | $ 0.00 | $ 515.06 |
| | | | | Total Amount Due $ | 515.06 |

| Type of Tax | Period Ending | Name of Return |
|---|---|---|
| | | |

Department of the Treasury -- Internal Revenue Service