UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Stephen W. Lykens
Linda D. Lykens                           Case No. 1:06CV01226

        Plaintiff(s)              ADDENDUM TO COMPLAINT No. 3

v.

United States

        Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph - Sheppard Vendors of Am. V. Weinberger, 795 F 2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F 2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, F Supp.2d, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n 14; Houghton v. Schafer, 392 U.S. 639, 640 (1968)

Pursuant to The Federal Records Act, 44 USC Sec. 3101, and the National Archives Act, 44 USC Section 3106, the attached correspondence is a public record.

Stephen W. Lykens v. United States.        Page 1 of 4        Addendum to Complaint

RECEIVED
SEP 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pursuant to the Administrative Procedures Act, 5 USC 704, the attached correspondence is a final agency action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koemer (both **cases**), 1,Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally and properly result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The Legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed. Rules of Evd. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Evd.Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to Plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

1. No. 05-1600 (D.D.C. Mar 31, 2006

Stephen W. Lykens v. United States      Page 2 of 4      Addendum to Complaint

reconsider the position taken in the attached correspondence (2) and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against Plaintiff(s) for pursuing the instant action.

Plaintiff(s) attest that plaintiff has made many requests to defendant's agency and that defendant's agency has consistently demonstrated bias and an unwillingness to reconsider any document sent to plaintiff(s).

Dated SeTember 14, 2006

_____          _____
Stephen W. Lykens                                        Linda D. Lykens
PO Box 408                                                    PO Box 408
Twin Lake, MI 49457-0408                           Twin Lake, MI 49457-0408

### ACKNOWLEDGMENT

On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared, Stephen W. Lykens, Linda D. Lykens known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her /their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Michigan

**ANNA VANGUILDER**
Notary Public, Muskegon County, Michigan
My Commission Expires 12-30-2012
Acting in the County of Muskegon

---

2. The attached correspondence is provided solely to demonstrate that the defendant's agency has articulated a position that is a final agency action that defendant's agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

## CERTIFICATE OF SERVICE

I certify that I have mailed the original via Certified Mail No. 7003 1680 0002 1199 4696 and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington, D.C., 20001,

and one copy to:

Tax Division, U.S. Dept. of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044.

and one copy to:

IRS, ACS Support-Stop 5050, PO Box 219236, Kansas City, MO 64121-9236.

Dated SEPTEMBER 14, 2006

_Stephen W. Lykens_
Stephen W. Lykens

Form 8519 (Rev. January 2001)    Case 1:06-cv-01226-JDB    Department of the Treasury — Internal Revenue Service    Document 6    Filed 09/18/2006    Page 5 of 6

**Taxpayer's Copy of Notice of Levy**

DATE: 05/16/2006

REPLY TO:
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

TELEPHONE NUMBER OF IRS OFFICE:
TOLL FREE 1-800-829-7650
WI

SEQNUM 00538

P 38-1627377

TO:
LINDA D LYKENS
PO BOX 408
TWIN LAKE MI 49457-0408081

HOWMET CREDIT UNION
2151 COGSWELL DR
WHITEHALL MI 49461-1848519

IDENTIFYING NUMBER(S):
LYKE L 00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $ 8,948.74 | $ 1,531.78 | $ 10,480.52 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟶

Total Amount Due ▶ $ 10,480.52

We figured the interest and late payment penalty to    06-15-2006

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code <u>must hold your money for 21 calendar days</u> before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative    *[signature]*

Title    **Operations Manager, Collection**

FORM 8519 (Rev. 01-01) 63518R

Excerpts from the Internal Revenue Code

* * * * * * * * *

### SEC. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.-- The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.-- Whenever any property or rights to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in the like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together will all expenses, is fully paid.

### SEC. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.-- Except as otherwise provided in subsections (b) and (c), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special Rule for Life Insurance and Endowment Contracts.

(1) In general.-- A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.-- Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6328 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.-- The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.-- Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.-- Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.-- In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property without reasonable cause, such person shall be liable to a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.-- Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary or who pays a liability under subsection (d)(1) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

### SEC. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or

### SEC. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.--

(1) In general.-- Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part, of the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if--

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.-- In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.-- The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.-- If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return--
(1) The specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES, -- IF --
(1) any property has been levied upon, and
(2) the Secretary determines that --

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the Taxpayer Advocate) and the United States,
the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed.

* * * * * * * *

Applicable Sections of Internal Revenue Code

| | |
|---|---|
| 6321. | LIEN FOR TAXES. |
| 6322. | PERIOD OF LIEN. |
| 6325. | RELEASE OF LIEN OR DISCHARGE OF PROPERTY. |
| 6331. | LEVY AND DISTRAINT. |
| 6332. | SURRENDER OF PROPERTY SUBJECT TO LEVY. |
| 6333. | PRODUCTION OF BOOKS. |
| 6334. | PROPERTY EXEMPT FROM LEVY. |
| 6343. | AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY. |
| 7426. | CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS. |
| 7429. | REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES. |

For more information about this notice, please call the phone number on the front of this form.