# United States District Court
IN THE DISTRICT OF COLUMBIA

Stephen W. Lykens, *et ux*            Case No.   1:06-cv-01226-JDB

        Plaintiff(s),

v.

United States Government

        Defendant.

### RESPONSE TO ORDER TO SHOW CAUSE / MOTION TO DISMISS
### MOTION TO STRIKE MOTION TO DISMISS

Defendant's motion to dismiss was *not filed in the instant action.* See: defendant's motion, identifying Case No. 1:06-cv-012**28**-JDB. The motion, bearing Case No. 1:06-cv-012**28**-JDB, should be stricken from the record of the instant case.

Defendant's failure to make a timely filing of the motion in the correct case is of profound importance.

In a recent Memorandum Opinion, *Martin v. United States*, DDC 05-2506, September 22, 2006, the Honorable Rosemary M. Collyer discussed at length "the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit."

Relying upon *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); and *Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006), the Court made clear that "failure to exhaust administrative remedies is not a jurisdictional prerequisite

Lykens v. United States.    page 1 of 6    RESPONSE TO ORDER TO SHOW
CAUSE/MOTION TO DISMISS

RECEIVED
OCT 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

to bringing suit".

Defendant's motion thus fails on 12(b)(1) grounds.

The Court's ruling in *Martin* establishes that defendant's motion fares no better on 12(b)(6) grounds. While *Martin* was, in fact, dismissed under Fed.R.Civ.P 12(b)(6), the *Martin* Court pointed out that:

> The Supreme Court noted in Arbaugh that the principles behind Rule 12(b)(1) and Rule 12(b)(6) are very different and the consequences are similarly different. 126 S. Ct. at 1244-45...Whether a plaintiff has stated a claim upon which relief can be granted involves the legal basis of the claim or the relief sought, not the power of the court to hear it. *A motion under Rule 12(b)(6) can be waived by failing to make it soon enough*. Id. at 1240. (Emphasis added)

Defendant was already in default when the Court, six days after the time to answer had elapsed, enlarged that period in defendant's favor, *sua sponte*.

Under *Arbaugh*, 126 S. Ct. at 1240, absent the Court's intervention, defendant's post default motion fails on 12(b)(6) grounds for "fail[ure] to make it soon enough," *Martin*, p.5.

As to the balance of defendant's untimely motion, counsel misreads the law, misrepresents fact, mischaracterizes the case at bar, and misdirects the Court, as follows:

"IMPROPER SERVICE" ARGUMENT MISREPRESENTATIVE; FAILS

There is no doubt that defendant's attorneys received notice of this action, as conceded by counsel in the "Memorandum" accompanying her untimely motion. The Court certainly accepted this fact "Upon consideration of [docket item 3] return of

service/affidavit of summons and complaint executed on the Attorney General on 7/17/2006, and [docket item 4] return of service/affidavit of summons and complaint executed on the US Attorney on 7/17/2006," in its September 21 Minute Order enlarging the time to answer to October 12, 2006.

Defendant's "improper service" ground fails for the Court's exercise of *in personam* jurisdiction in its September 21 Minute Order, and defendant failed to object to that exercise; indeed, defendant conceded *in personam* jurisdiction by acceding to the Minute Order.

Further, even if the Court were to declare its *"consideration of [docket item 3] return of service/affidavit of summons and complaint executed on the Attorney General on 7/17/2006, and [docket item 4] return of service/affidavit of summons and complaint executed on the US Attorney on 7/17/2006,"* erroneous (rendering its September 21 Minute Order a nullity), Fed.R.Civ.P. 4(i)(3) states:

> (3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
>
> (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), *if the plaintiff has served* either the United States attorney or the Attorney General of the United States, or
>
> (B) the United States in an action governed by Rule 4(i)(2)(B), *if the plaintiff has served* an officer or employee of the United States sued in an individual capacity. (Emphases added)

Congress approved the language of Fed.R.Civ.P 4(i), as much as it did Fed.R.Civ.P 4(c); the Court should give weight to Congress' language, particularly when defendant has been unable to cite any Circuit opinion to the contrary.[1]

Lastly (on this ground), the untimely motion's assertion that Plaintiff failed to serve IRS is unavailing. Plaintiff is not suing IRS; Plaintiff is suing the United States, in accordance with IRC § 7433.

Plaintiff followed the provisions of Fed.R.Civ.P. 4(i)(1) <u>to the letter</u>, and asserts that service was proper.

"ANTI INJUNCTION ACT" ARGUMENT LEGALLY ABSURD

Counsel follows the unsupported "service" grounds with an equally unsupported "Anti Injunction Act" argument. Plaintiff did not ask the Court to enjoin the defendant or its agency from collecting *taxes*; Plaintiff asked the Court, <u>upon finding that defendant disregarded statutory and regulatory assessment procedures,</u> to enjoin "exaction in the guise of a tax" as contemplated in *Enochs v. Williams Packing & Navigation*, 370 US 1. Notwithstanding extraordinary changes in executive authority, in the absence of an assessment, no tax exists.

WHEREFORE, in the event that the Court denies our Motion to Strike, Plaintiffs seek denial of the untimely motion to dismiss, in its entirety; entry of default; judgment

---

[1] Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987), merely recites that "courts routinely dismiss actions when service is improper", but does not support defendant's arguments on this ground.

by default, and the scheduling of an evidentiary hearing on damages as sought in the Verified Complaint, or, in the alternative, an ORDER:

A. directing defendants to pay damages, in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,

B. directing replevin of any and all property taken from Plaintiff(s) without complete due process of tax law, or compensation at current fair market value; and,

C. directing such other and further damages as the court deems just and proper; and,

D. enjoining defendants' principals, agencies, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: October 27, 2006

*Stephen W. Lykens*
Stephen W. Lykens

## CERTIFICATE OF SERVICE

I certify that I have served by Certified Mail # 7004 2890 0003 4845 5184 the Clerk's Office, United States district court for/in the district of Columbia, Washington, DC 20001, 2 SIGNED copies of our response to defendant's Motion To Dismiss dated 10/12/06. I certify that I have served by Certified Mail # 7004 2890 0003 4845 5160 Beatriz T. Saiz, United States Attorney, Washington, DC 1 (one) signed copy of our response to Defendant's Motion To Dismiss dated 10/12/06 regarding CASE # 1:06-cv-01226 JDB.

The copies of our response was sent to the following addresses:

> Clerk's Office
> United States district court for/in the district of Columbia
> U.S. Courthouse
> 333 Constitution Avenue, N.W.
> Washington, DC 20001
>
> (2 signed copies)

And one signed copy to the following address for the U.S. Attorney:

> Beatriz T. Saiz
> U.S. Department of Justice
> Ben Franklin Station
> P.O. Box 227
> Washington, DC 20044

Signed:

*Stephen W. Lykens*
Stephen W. Lykens

MAILED 10/27/06