UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEPHEN W. LYKENS, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES GOVERNMENT,<br><br>    Defendant. | Civil Action No. 06-1226 (JDB) |

## MEMORANDUM OPINION

This action is one of more than seventy cases in which dozens of individuals across the nation have filed complaints (in a pro se capacity) in this Court seeking damages for alleged misconduct by the Internal Revenue Service ("IRS") in the collection of taxes pursuant to 26 U.S.C. § 7433. Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In response, plaintiffs move to strike the motion to dismiss and request entry of default.

## BACKGROUND

I.    **Statutory and Regulatory Background**

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the Code or its implementing regulations in connection with collection activity. The provision authorizing this cause of action states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as

provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

Section 7433(d)(1), however, limits such actions, by providing that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). In accordance with this provision, the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officers or employees have disregarded provisions of the tax code in their collection activities. See 26 C.F.R. § 301.7433-1. Specifically, these regulations require that, prior to bringing suit in court, an aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides," and further require that the claim must include:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence);  and
>
> (v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e). If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer

may proceed to file suit in federal district court pursuant to 26 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1).  The regulations also allow the taxpayer to file suit immediately after the administrative claim is submitted if the administrative submission occurs during the last six months of the two-year limitations period.  26 C.F.R. § 301.7433-1(d)(2).

The Internal Revenue Code also authorizes and limits certain other causes of action.  Section 7422, governing suits for refund of taxes wrongfully collected, provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  Section 7421, also known as the Anti-Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" except for actions under specific statutory provisions not relevant here.  Id.

## II.    Factual Background

Plaintiffs allege that, beginning with tax year 1999 and continuing to the present, defendant United States, through the IRS and its employees, has disregarded and continues to disregard the provisions of the Internal Revenue Code and its regulations in the course of pursuing unlawful collection activities against plaintiffs.  Compl. at 1 n.1, 6-15.  Plaintiffs enumerate 31 "counts" of alleged IRS misconduct, reciting a litany of regulations and statutory provisions, but providing few facts underlying the violations alleged.  See id. at 6-15.  Plaintiffs do not identify the amount of taxes demanded by the IRS, specify the persons involved in the

3

alleged misconduct, or describe the seized properties at issue.[1]  Nonetheless, drawing all inferences in plaintiffs' favor, the claims can fairly be summarized as alleging misconduct by the IRS throughout the tax collection process, beginning with a failure to make or record any tax assessments regarding plaintiffs, followed by unlawful attempts to collect taxes, interest, and penalties, including the seizure of plaintiffs' properties through improper notices of levies and liens.  This is consistent with plaintiffs' own summary of the action, in which they state that "all collection activity pursued against plaintiff(s) for the aforementioned years constitutes unlawful collection activity and a disregard of the provisions of Title 26 U.S.C. and its regulations."  Compl. at 25.

Based on these allegations, plaintiffs request an order directing defendant to pay damages in the amount of $10,000 for each disregard of each Internal Revenue Code law or regulation, directing replevin of any and all property taken from plaintiffs, and directing payment of such "further damages as the court deems just and proper."  Id. at 28-29.  Plaintiffs emphasize that "26 U.S.C. § 7433 is plaintiff[s'] exclusive remedy for obtaining damages" and that "[t]his is not an action requesting declaratory judgment, refund of taxes under 26 U.S.C. [§] 7422 or an action for injunctive relief."  Id. at 1 n.1, 4, 24.  Notwithstanding this representation, plaintiffs also seek an order "enjoining defendant[] . . . from further acting in disregard of law or regulation."  Id. at 29.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should

---

[1] Plaintiffs later separately submitted an IRS notice of levy on wages, a notice of intent to levy regarding an unspecified property, and a notice of lien on a credit union account as evidence of IRS bias, but offer no explanation of the events giving rise to those notices.  See Pls.' Addendum No. 1, No. 2, and No. 3 (filed Sept. 5 and 18, 2006).

be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and a plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court -- plaintiffs here -- bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). All that the

Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley, 355 U.S. at 47). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## DISCUSSION

### I.  Plaintiffs' Motion to Strike

Plaintiffs move to strike defendant's motion to dismiss on the ground that the motion was not properly filed because it bears a case number that differs from this case and thus "was not filed in the instant action." See Pls.' Opp. at 1. The Court will deny plaintiffs' motion. Defendant's motion to dismiss bears both the correct case number -- Civil Action No. 06-1226 -- and the correct case caption, and counsel filed this document through the electronic case filing system in the docket for Civil Action No. 06-1226. The memorandum of points and authorities submitted in support of defendant's motion contains an error in the case number, listing it as Civil Action No. 06-122<u>8</u>, but otherwise correctly identifies the case in the caption. Thus, the record is clear that the reference to Civil Action No. 06-1228 in defendant's memorandum is a typographical error, and that the motion and memorandum were correctly filed in Civil Action No. 06-1226.

Plaintiffs also contend that the motion to dismiss is untimely because service was completed on July 17, 2006 and defendant did not submit its motion to dismiss until more than

6

60 days thereafter, on October 12, 2006.  However, as defendant correctly notes, service of process was technically defective because the summons was served personally by plaintiffs -- parties to this action -- in violation of Fed. R. Civ. P. 4(c)(2), which requires service to be performed by a non-party.[2]  See Erwin v. United States, 2006 WL 2660296, at *5-6 (D.D.C. Sept. 15, 2006); Lindsey v. United States, --- F. Supp. 2d ---, 2006 WL 2413720, at *4-7 (D.D.C. Aug. 22, 2006).  Moreover, the motion was submitted in compliance with the October 12, 2006 deadline set by the Court.  Therefore, defendant was not late in submitting its motion to dismiss nor was it in default.

## II.     Damages Actions Under 26 U.S.C. § 7433

Defendant moves to dismiss plaintiffs' damages claim under 26 U.S.C. § 7433 on the ground that plaintiffs have failed to exhaust their administrative remedies and the Court thus lacks subject matter jurisdiction over the damages claim.  At the outset, it is important to note that, in accordance with recent Supreme Court jurisprudence, the alleged failure to satisfy the exhaustion requirement does not technically concern subject matter jurisdiction, and is more properly analyzed as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Turner v. United States, 429 F. Supp. 2d. 149, 153-55 (D.D.C. 2006) (finding, based on Arbaugh v. Y&H Corp., 126 S. Ct. 1235 (2006), that an identical failure in an indistinguishable case raised an issue of failure to state a claim under Fed. R. Civ. P. 12(b)(6), rather than lack of subject matter

---

[2]  Indeed, defendant contends that the complaint should be dismissed based on insufficiency of service of process.  However, pro se plaintiffs are to be "allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," and are entitled to notice of the consequences of failure to comply with procedural rules.  See Moore v. Agency for Int'l Dev't, 994 F.2d 874, 876 (D.C. Cir. 1993); Erwin, 2006 WL 2660296, at *6; Lindsey, --- F. Supp. 2d ---, 2006 WL 2413720, at *6.  In light of the insignificant nature of the defect and the likelihood that, if given the opportunity, plaintiffs could easily remedy the defect, the Court will resolve the motion to dismiss on the other grounds asserted by defendant.

jurisdiction under Fed. R. Civ. P. 12(b)(1)).  Defendant asks that the Court reconsider this aspect of Turner on the ground that the Court failed to consider the principle that the United States, as sovereign, is immune from suit save as it consents to be sued, and that one of the terms of its consent to suit under section 7433 is exhaustion of administrative remedies.  See Def.'s Mem. at 2-3 (citing Lehman v. Nakshian, 453 U.S. 156, 160 (1981)).  The Court recently considered defendant's sovereign immunity argument anew in Ross v. United States, --- F. Supp. 2d ---, 2006 WL 3250831, at *5 (D.D.C. Nov. 10, 2006).  After examining the exhaustion requirement in section 7433 and contrasting it to the sweeping restrictions on district court jurisdiction in other provisions of the Internal Revenue Code, the Court concluded that Congress did not rank the exhaustion requirement in section 7433 as jurisdictional.  Id.  The Court explained:

> Arbaugh stated unequivocally that "when Congress does not rank a statutory limitation . . . as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  126 S. Ct. at 1245. . . . Consistent with Arbaugh, under the long-standing precedent in this Circuit, even in cases against the federal government, "[the court] presume[s] exhaustion is non-jurisdictional unless Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision."  Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004).

Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *5.  Such jurisdictional language is conspicuously absent from the exhaustion provision set forth in section 7433(d).  Id.

The nonjurisdictional status of the exhaustion requirement, however, does not save plaintiffs' claim.  Exhaustion remains a requirement of maintaining a suit for damages under section 7433, and failure to satisfy the requirement will result in dismissal for failure to state a claim.  See, e.g., id. at *6; Turner, 429 F. Supp. 2d at 152-53; Evans v. United States, 433 F. Supp. 2d 17, 20-21 (D.D.C. 2006); Davis v. United States, 2006 WL 2687018, at *8-9 (D.D.C. Sept. 19, 2006); Erwin, 2006 WL 2660296, at *11-13; Lindsey, --- F. Supp. 2d ---, 2006 WL

2413720, at *18-19.  Thus, the Court will consider defendant's request, in the alternative, to dismiss plaintiffs' section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Neither in their complaint nor in their opposition papers do plaintiffs claim to have followed the procedures set forth in 26 C.F.R. § 301.7433-1(e).[3]  Rather, they contend that the exhaustion requirement does not apply where an adverse decision is certain, in particular, where the agency has articulated a very clear position on an issue and has demonstrated it is unwilling to reconsider.  See Compl. at 4-5 (citing Randolph-Sheppard Vendors of Am., 795 F.2d 90, 105 (D.C. Cir. 1986)); see also Pl.'s Addendum No. 1, No. 2, and No. 3 (attaching IRS notices of liens and levies as evidence of bias and unwillingness to reconsider agency position).  Plaintiffs' argument fails for two reasons. In the first instance, none of the documents or events cited by plaintiffs indicate that the IRS has taken such a position with respect to plaintiffs' claim for damages.

More significantly, the exhaustion requirement set forth at 26 U.S.C. § 7433(d) does not provide for such exceptions.  To be sure, plaintiffs are correct that courts occasionally relieve plaintiffs of exhaustion requirements.  See, e.g., McCarthy v. Madigan, 503 U.S. 140, 146 (1992)

---

[3]  Plaintiffs instead make an unexplained reference to generic "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury [which] work to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies before bringing suit." Compl. at 24.  Plaintiffs do not represent they have submitted an administrative claim for damages to the IRS office in their area of residence in compliance with 26 C.F.R. § 301.7433-1.  Indeed, plaintiffs' opposition to the motion to dismiss contains no response to defendant's contention that they failed to submit a claim in accordance with that regulation.  For these reasons, plaintiffs' bare reference to "administrative claims" is inadequate to plead satisfaction of the exhaustion requirement.  See Evans, 433 F. Supp. 2d at 20-21 & n.1 (dismissing a section 7433 action where plaintiffs asserted exhaustion of administrative remedies based only on requests for information from the IRS instead of a claim filed under 26 C.F.R. § 301.7433-1); Scott v. United States, 416 F. Supp. 2d 116, 119 (D.D.C. 2006) (same).

(stating that "administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further").  But this only occurs when the exhaustion requirement is itself a judicial construct.[4]  If exhaustion is a statutory mandate, then courts may not carve out exceptions that are unsupported by the statutory text.  See id. at 144 (stating that "[w]here Congress specifically mandates, exhaustion is required"); Avocados Plus, 370 F.3d at 1247-48 (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it") (citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)).  Accordingly, in light of plaintiffs' failure to exhaust administrative remedies, the Court will dismiss plaintiffs' claim under 26 U.S.C. § 7433 for failure to state a claim upon which relief can be granted.

## III.     Injunctive Relief

Plaintiffs also request an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."  Compl. at 29.  Plaintiffs do not specify the scope of the injunction sought, but the Court discerns from the complaint read as a whole that plaintiffs seek to enjoin the alleged unlawful collection of taxes, including the seizure of plaintiffs' property.  See Compl. at 1 n.1 (alleging that "the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding plaintiff(s)"); id. at 15 (asserting that the IRS has "seiz[ed] property belonging to plaintiff(s)"); id. at 25 ("[N]o collection activity against plaintiff(s) may be pursued.").  Defendant contends that such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

---

[4] Moreover, even under circumstances in which the exhaustion requirement is not explicitly mandated by statute, courts have held that an implied "exhaustion requirement may be waived in 'only the most exceptional circumstances.' . . . Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]."  Randolph-Sheppard Vendors of Am., 795 F.2d at 106 (citations omitted).

10

The Anti-Injunction Act provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Id. As the Supreme Court has noted, "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). There are two narrow judicially-created exceptions to the bar against suits seeking to enjoin the government from assessing or collecting federal taxes: (1) where the aggrieved party has no alternative remedy; and (2) where the taxpayer is certain to succeed on the merits and the collection would cause irreparable harm. See South Carolina v. Regan, 465 U.S. 367, 374-76 (1984) (citing Enochs, 370 U.S. at 7); see also Foodservice and Lodging Inst. v. Regan, 809 F.2d 842, 844-45 (D.C. Cir. 1987) (recognizing that "the narrow exception to the Anti-Injunction Act created in South Carolina v. Regan . . . permit[s] an action for injunctive relief against the IRS if the aggrieved party has no alternative remedy," but holding that a suit for refund is an alternative remedy).

Neither exception applies in this case. Plaintiffs clearly have alternative remedies available, including an action for a refund of any taxes wrongfully collected and an action for damages based on any IRS negligent, reckless or intentional disregard of the law in connection with collection activities.[5] See South Carolina v. Regan, 465 U.S. at 374-75 (discussing cases

---

[5] Plaintiffs' decision not to bring a refund action under 26 U.S.C. § 7422 is entirely irrelevant because the mere "availability" of an alternative remedy precludes injunctive relief in light of the Anti-Injunction Act. See South Carolina v. Regan, 465 U.S. at 374-76. Indeed, if a plaintiff's decision to forego the alternative remedy could be a basis for an exception to the Anti-Injunction Act, any plaintiff could circumvent the Act's jurisdictional bar on injunctive relief in tax assessment and collection cases.

where suit under Anti-Injunction Act was precluded because "plaintiff had the option of paying the tax and bringing a suit for a refund"). As to the second exception, plaintiffs have made no showing whatsoever that they are "certain to succeed on the merits" or that they will suffer irreparable harm absent an injunction. Thus, the Court concludes that the requested injunctive relief is barred. Indeed, every decision in this Circuit to address the availability of injunctive relief to plaintiffs challenging the assessment or collection of income taxes by the IRS has held that the court lacks subject matter jurisdiction in light of the Anti-Injunction Act to grant such relief.[6] See, e.g., Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *7; Davis, 2006 WL 2687018,

---

[6] Plaintiffs' request for a separate order directing "replevin" of previously seized property also must be dismissed for lack of subject matter jurisdiction. As explained in Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *10-11, a taxpayer request for replevin is synonymous with a request for refund. Section 7422 of the Internal Revenue Code addresses district court jurisdiction over actions for refunds, providing: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . , or of any sum alleged to have been . . . wrongfully collected, until a claim for refund or credit has been duly filed." 26 U.S.C. § 7422(a). This plain language broadly precludes the exercise of jurisdiction over any suit where recovery of a tax is sought unless an administrative claim for refund has been filed. See Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *10. Thus, a court must determine whether the suit seeks recovery of a tax -- or of "any sum . . . wrongfully collected" -- and a court will not defer to a plaintiff's characterization of his suit as not being based on section 7422. See Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998) (rejecting plaintiff's characterization of suit as not seeking a tax refund, because whenever a claimant seeks recovery of a "sum" collected as a tax, the claimant must proceed under section 7422).
  A review of the complaint makes it abundantly clear that, under the label "replevin," plaintiffs seek the return of some unspecified property that the IRS seized from plaintiffs while engaged in collection activity. Hence, plaintiffs' claim is within section 7422 and subject to the requirement to file an administrative claim for refund with the Secretary of the IRS.
  Plaintiffs do not allege that they have submitted an administrative claim for refund. Their failure to make a showing that they have filed such a claim requires dismissal of the claim for lack of subject matter jurisdiction. See Comm'r of Internal Revenue v. Lundy, 516 U.S. 235, 240 (1996) (recognizing that section 7422(a) "make[s] timely filing of a refund claim a jurisdictional prerequisite to bringing suit"); Davis, 2006 WL 2687018, at *4 (noting that, unlike the exhaustion requirement in 26 U.S.C. § 7433(d), the exhaustion requirement under section 7422(a) is jurisdictional because of the sweeping language limiting the power of the court to entertain the claim absent exhaustion); accord Ross, --- F. Supp. 2d ---, 2006 WL 3250831, at *11.

at *4-5; Erwin, 2006 WL 2660296, at *8-9; Lindsey, --- F. Supp. 2d ---, 2006 WL 2413720, at *8-9.

## **CONCLUSION**

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiffs' complaint. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Date:   November 27, 2006