RECEIVED

APR − 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephen W. Lykens, et al., ) | Case No: 1:06-cv-01226(JDB) |
| ) | (1:06-CV-01226) |
| Plaintiffs, ) | |
| v. ) | **MOTION FOR RELIEF FROM** |
| ) | **ORDER OF DISMISSAL UNDER** |
| UNITED STATES (Government), ) | **FED.R.CIV.P. 60(b)(3), (6)** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff seeks relief from the Order of dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P 60(b)(3) and (6).

Fed.R.Civ.P 60(b) states:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ***(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; *** or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff asserts that defendant, by and with the active assistance of counsel, perpetrated a fraud upon the Court, through misrepresentation of fact, law, and legal precedent to obtain the said Order. This motion is supported by the questions, alternative questions, and supplemental questions presented herein, and discussed more fully in Plaintiff's MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF

FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6), (hereinafter,

"Relief Memo") and by the Exhibits incorporated therein.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent the

language of Rule 4(i), specifying the Rule's alternative method of service upon the

United States by mail, and further misrepresent judicial precedent in respect of service?

## DISCUSSION

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i), the Rule

under which service was effected, states:

> (1)    Service upon the United States shall be effected (A) by delivering a copy
> of the summons and of the complaint to the United States attorney for the district
> in which the action is brought or to an assistant United States attorney or clerical
> employee designated by the United States attorney in a writing filed with the
> clerk of the court *or by sending a copy of the summons and of the complaint by*
> *registered or certified mail* addressed to the civil process clerk at the office of the
> United States attorney and (B) by also sending a copy of the summons and of
> the complaint by registered or certified mail to the Attorney General…(emphasis
> added)

Plaintiff respectfully asserts that Congress' (and the Supreme Court's) approval

of the language of Rule 4(i), specifying the Rule's alternative method, signified by, "or"

and continuing "by sending a copy of the summons and of the complaint by registered

or certified mail…" should be given weight, and that weight so given precludes

dismissal of an action in which service of process was unarguably made.

As discussed more fully in Plaintiff's RELIEF MEMO, the assertion finds support

in 4A Federal Practice & Procedure, and in the very cases that Counsel cites as

authority:

**Case In Point:**

*Davis v. Garcia*, 226 F.R.D. 386 (C.D. Cal. 2004), was dismissed primarily for Davis' failure to effect timely service.

**Case In Point:**

*Taylor v. United States*, 192 F.R.D. 223, was dismissed <u>solely</u> for Taylor's failure to effect timely service.

**Case In Point:**

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694,[1], involved a district court's decision over matters governed by Fed.R.Civ.P. 37, having nothing to do with service of process by any person, in any capacity, under any rule.

**Case In Point:**

*Light v Wolf*, 816 F 2d 746 (D.C. Cir. 1987)[2], was dismissed solely because the United States was not served with process in what *Light*, a federal employee, intended to be a private cause of action against *Wolf*, her supervisor.

**Case In Point:**

In what is apparently a case so far removed from the issues in the case at bar that the misrepresentation thereof rises to a whole new order of magnitude, *Relf v Gasch*, 511 F.2d 804 (DC Cir 1975)[3], was a mandamus case against Gasch, a District Court Judge, for transferring a Federal Tort Claims Act action regarding the

---

[1]The lone Supreme Court case upon which defendant relies on the issue of service.

[2] The first of only 2 cases cited that was litigated in the D.C. Circuit.

[3]One of only 2 cases cited that was litigated in the D.C. Circuit.

unauthorized, <u>nonconsensual tubal sterilization</u> of minors.

As pointed out by the Honorable Colleen Koller-Kotelly in *Larue v. United States*,

(DDC 06-61), (*accord* Charles Alan Wright & Arthur R. Miller, 4A Federal Practice &

Procedure § 1106, at 151 & n.13 (2d ed.1987), and quoting therefrom,

> "[T]here is no apparent reason why a person specified in Rule 4(c), rather than plaintiff or plaintiff's attorney, should be required to mail the copies of process to be served on the Attorney General . . .")

## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent

the status of the Court's subject matter jurisdiction?

## DISCUSSION

As discussed more fully in Plaintiff's RELIEF MEMO, the Court's *subject matter*

jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct.

1235 (2006)[4], decided February 22, 2006, and that precedent was cited by the District

Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v.*

*United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny.

## QUESTION PRESENTED

Was the ground of "failure to state a claim" under Fed.R.Civ.P. 12(b)(6)

premature, in the context of "notice pleadings" under Fed.R.Civ.P 8(a), *Conley v.*

*Gibson*, 355 U.S. 41, and Fed.R.Civ.P 12(h)(2)?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined

---

[4]*Arbaugh*'s effect on "failure to state a claim" is addressed below, and discussed more fully in Plaintiff's RELIEF MEMO, ¶ _____.

"essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

Plaintiff asserts that the Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), and *Conley v. Gibson*, 355 U.S. 41[5], and that defendant's Motion to Dismiss, insofar as it asserted "failure to state a claim", pre-empted the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies <u>available</u>*" as described in IRC § 7433(d)[6], [7]. Further,

Defendant could not seriously assert prejudice by the jury's trial of the factual element, since Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:

> "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a)[8], or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

---

[5] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the
Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[6] Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[7] The Congressional language of 7433(d) is further addressed below.

[8] "Pleadings permitted" are limited to "complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed</u>, except that the court may order a reply to an answer or a third-party answer." (Emphasis added)

7433(d)'s language - "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. *Arbaugh,* 1240; *Reeves.* Thus, motion to dismiss on grounds of "failure to state a claim" can be, and, based upon the Congressional language, is, more properly brought after the Court (see footnote 7) has had the opportunity to make a factual determination with respect to exhaustion of available administrative remedies.

### SUPPLEMENTAL QUESTION PRESENTED

Are "general allegations", in the context of the Fed.R.Civ.P 8(a) "notice Pleadings" Rule, as interpreted in *Conley v. Gibson*, 355 U.S. 41, and reiterated in *Jones v Bock,* __ U.S. _____, (Decided: January 22, 2007) (purportedly made by a multitude of Plaintiffs), sufficient to establish a presumption of a pattern of unlawful activity?

### DISCUSSION

Defendant, by and with the assistance of counsel, raised the issue that the allegations in the instant case are similar, if not identical, to dozens of other cases filed to this Court. Plaintiff, concerned only with the instant case, asserts that any alleged similarity of allegations in other cases is irrelevant in respect of the instant case, and draws the Court's attention to the fact that the alleged redundancy of such "general allegations", especially in the numbers asserted by defense counsel, strongly indicates a pattern of unlawful activity on the part of defendant's agency. Acts generally complained of in the Verified Complaint in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18 U.S.C. § 1961(1), such

as 1) extortion, in forcing Plaintiff to make financial "arrangements" to avoid attack on property, and acts indictable under Title 18, United States Code: §§ 1028, 1341, 1343, 1344, 1503, 1510, 1511, 1512, 1513, and 1951, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4).

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" section 7433 language that Congress had included in TBOR I, totally removed from TBOR II, and intentionally omitted from TBOR III?

## DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies.  TBOR II, Public Law 104-168, 110 Stat. 1465 (1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion.  TBOR III (1998, in Public Law 105-206, §§ 3000, 3102) specified only that "A judgment for damages shall not be awarded under subsection (b) *unless the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service." 26 USC § 7433(d) (emphases added).

It appears that defendant's insistence (in the Motion to Dismiss, citing the regulation) that administrative remedies must be exhausted "prior to" commencement of a civil action relies solely upon language removed by Congress in 1996; no such "prior exhaustion" language was added in 7433's current incarnation.

## QUESTION PRESENTED

Is Treasury Decision 9050, 68 FR 14320, Mar. 25, 2003, in merely <u>amending</u>
Treasury Decision 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, a
reasonable interpretation of P.L. 105-206, § 3102 under the deferential framework of
*Chevron U.S.A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837?

### DISCUSSION

As discussed more fully in Plaintiff's RELIEF MEMO, Plaintiff asserts that
Treasury Decision 9050 (the current 26 C.F.R. § 301.7433-1) is 1) an unreasonable
interpretation of Public Law 105-206, § 3102; exceeds the authority of Public Law 105-
206, § 3102 by reinserting the "may not be maintained" ("prior exhaustion") language of
TBOR I; that Treasury Decision 9050 2) impermissibly extends the operation of the
exhaustion requirement; that the regulation 3) frustrates Congress' intent in creating,
and amending, 7433; and that it 4) effectively converts a "7433 damages" claim into a
"7422 refund" claim, effecting an unauthorized "stealth repeal" of TBOR III by
regulation.

### QUESTION PRESENTED

Was counsel's "refund suit" construction - in the absence of a venue assertion -
a willful mischaracterization intended to mislead the Court?

### DISCUSSION

Plaintiff contends that defendant should be estopped from "converting" the
damages claim (clearly intended) into a refund claim (clearly unintended) in the
absence of a venue challenge. Further, Plaintiff asserts that the omission of a venue
challenge indicates defendant's awareness of the misconstruction. Absent a venue
challenge, defendant's Motion to Dismiss on "refund" grounds was little more than a

dilatory tactic, intended to mislead the Court, through prejudice, into a dismissal on any grounds.

## QUESTION PRESENTED

Was defendant's Anti-Injunction Act challenge frivolous, in the face of allegations meeting at least 3 of the AIA's 14 statutory exceptions?

## DISCUSSION

The Anti-Injunction Act contains 14 specific exceptions to its prohibition:

Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Plaintiff specifically alleged, Complaint, that defendant failed to provide Notice of Deficiency for _____ in accordance with IRC § 6212, arguably "within the rubric of 26 U.S.C. § 6212(a), an exception to the AIA.

Plaintiff specifically alleged, Complaint, that defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213, an exception to the AIA.

Plaintiff specifically alleged, Complaint, that defendant failed to afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330; CDP hearings under 6320 (liens) are to be conducted under 6330; 6330(e) is an exception to the AIA.

Based upon the foregoing, Plaintiff respectfully seeks relief from Order of dismissing the above-captioned action.

Respectfully Submitted

Dated _April 06th_____, 2007

_Stephen W. Lykens_____

Stephen W. Lykens

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Beatriz T. Saiz

Trail Attorney, Tax Division

U.S. Dept of Justice

P.O. Box 227

Ben Franklin Station

Washington D.C. 20044

Dated _April 06th_____, 2007

_Stephen W. Lykens_____

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Stephen W. Lykens, et al.,          )
                                    )
          Plaintiffs,               )      Case No: 1:06-cv-01226(JDB)
                                    )         ( 1; 06 - cv - 01226 )
     v.                             )      **MEMORANDUM IN SUPPORT OF**
                                    )      **MOTION FOR RELIEF FROM**
UNITED STATES (Government),          )      **ORDER OF DISMISSAL UNDER**
                                    )      **FED.R.CIV.P. 60(b)(3), (6)**
          Defendant.                )
                                    )

Plaintiff seeks relief from the Order of  dismissing the above-captioned action on

the basis that said Order was obtained by means specified in Fed.R.Civ.P 60(b)(3) and

(6).

Fed.R.Civ.P 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party
> or a party's legal representative from a final judgment, order, or
> proceeding for the following reasons: ***(3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or other misconduct
> of an adverse party; *** or (6) any other reason justifying relief from the
> operation of the judgment.

Plaintiff asserts in the Motion that defendant, by and with the active assistance of

counsel, perpetrated a fraud upon the Court, through misrepresentation of fact, law, and

legal precedent, to obtain the said Order.  This motion is supported by the questions,

alternative questions, and supplemental questions presented in the Motion which this

MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM ORDER OF

DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6), (hereinafter, "Motion") and the Exhibits

incorporated herein, support.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent the

language of Rule 4(i), specifying the Rule's alternative method of service upon the

United States by mail?

## ADDITIONAL QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent judicial

precedent in respect of service?

## DISCUSSION

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i), the Rule

under which service was effected, states:

> (1)    Service upon the United States shall be effected (A) by delivering a copy
> of the summons and of the complaint to the United States attorney for the district
> in which the action is brought or to an assistant United States attorney or clerical
> employee designated by the United States attorney in a writing filed with the clerk
> of the court *or by sending a copy of the summons and of the complaint by*
> *registered or certified mail* addressed to the civil process clerk at the office of the
> United States attorney and (B) by also sending a copy of the summons and of
> the complaint by registered or certified mail to the Attorney General…(emphasis
> added)

As discussed briefly in Plaintiff's Motion, and more fully discussed immediately

below, Plaintiff respectfully asserts that Congress' (and the Supreme Court's) approval

of the language of Rule 4(i), specifying the Rule's alternative method, signified by, "or"

and continuing "by sending a copy of the summons and of the complaint by registered

or certified mail…" should be given weight, and that weight so given precludes dismissal

of an action in which service of process was unarguably made.

The Rules of Court are prescribed by the Supreme Court, but authorized by Congress, 28 USC § 2072, Pub. L. 100–702, title IV, § 401(a), Nov. 19, 1988, 102 Stat. 4648; amended Pub. L. 101–650, title III, §§ 315, 321, Dec. 1, 1990, 104 Stat. 5115, 5117[1] and are subject to Congress' approval.  28 USC § 2074, Pub. L. 100–702, title IV, § 401(a), Nov. 19, 1988, 102 Stat. 4649.  Congress approved the language of Rule 4(i), which omits the qualification(s) Congress approved in Rule 4(c)(2).  As pointed out by the Honorable Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61), (accord Charles Alan Wright & Arthur R. Miller, 4A Federal Practice & Procedure § 1106, at 151 & n.13 (2d ed.1987), and quoting therefrom,

> "[T]here is no apparent reason why a person specified in Rule 4(c), rather than plaintiff or plaintiff's attorney, should be required to mail the copies of process to be served on the Attorney General . . .")

Wright and Millers's observation that "[T]here is no apparent reason..." supports Plaintiff's assertion that service made under Rule 4(i) is sufficient.

Plaintiff's assertion, and the observation in 4A Federal Practice & Procedure § 1106, at 151 & n.13, finds further support in scrutiny of the very cases that defendant has cited as authority for challenging  propriety of service by mail:

**Case In Point:**

*Davis v. Garcia*, 226 F.R.D. 386 (C.D. Cal. 2004), was dismissed primarily for

---

[1]A prior section 2072, acts June 25, 1948, ch. 646, 62 Stat. 961; May 24, 1949, ch. 139, § 103, 63 Stat. 104; July 18, 1949, ch. 343, § 2, 63 Stat. 446; May 10, 1950, ch. 174, § 2, 64 Stat. 158; July 7, 1958, Pub. L. 85–508, § 12(m), 72 Stat. 348; Nov. 6, 1966, Pub. L. 89–773, § 1, 80 Stat. 1323, authorized the Supreme Court to prescribe rules of civil procedure, prior to repeal by Pub. L. 100–702, §§ 401(a), 407, effective Dec. 1, 1988.

Davis' failure to effect timely service.

Although not directly discussed, it is clear that Davis was "a state prisoner proceeding *Pro se*" *Davis*, at 387, and it appears that Davis attempted personal service upon certain prison guards, which the Court noted was not allowed (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (fellow inmates, but not the plaintiff inmate himself, allowed to serve inmate's complaint against prison guards)).

If, as indicated, Davis attempted to make personal service himself, Rule 4(c)(2) most certainly applied, although *Davis* was dismissed in large part because "plaintiffs Proof of Service indicates that service was made under Rule 5(b) of the Federal Rules of Civil Procedure," and "plaintiff simply served a copy of the Summons and Complaint, without including a waiver of service or notice and acknowledgment form as required by state and federal law. Cal.Code of Civ. Proc. § 415.30; Fed.R.Civ.P. 4(e)(l)."

Counsel should know that Waiver of Service is unavailable in suits against the United States, and the California Code of Civil Procedure is inapplicable in the District of Columbia..

**Case In Point:**

*Taylor v. United States*, 192 F.R.D. 223, was dismissed solely for Taylor's failure to effect timely service.

> "Action was subject to dismissal without prejudice for failure to effect proper service of process within 120 days of filing complaint or to obtain from defendant a waiver of service, where return-of-service affidavit indicated that plaintiff acted as the server of process, plaintiffs did not move for an enlargement of time in order to perfect service, and plaintiffs made no attempt in their response to defendant's motion to dismiss to show good cause for their failure to perfect service. Fed.Rules Civ.Proc.Rule 4(c)(2), (d, m), 28 U.S.C.A."
*Taylor*, 192 F.R.D. 223 (headnote 1; West Key 1751)

Although the Taylor Court mentioned "...return-of-service affidavit indicated that plaintiff acted as the server of process..." the case was dismissed <u>solely</u> upon Taylor's failure to effect timely service:

> "Inasmuch as more than 120 days have passed since the filing of Plaintiffs' complaint; (footnote omitted) plaintiffs have not moved for an enlargement of time in order to perfect service; and Plaintiffs made no attempt in their response to CISD's motion to show good cause for their failure to perfect service, the action against CISD is properly dismissed without prejudice.
> seeFed.R.Civ.P.4(m); Fed.R.Civ.P.12(b)(5)."

*Taylor,* 192 F.R.D. 223, 224.

**Case In Point:**

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694,[2] did not even address service of process, and counsel's citation thereof as support for an "improper service" argument is a clear misrepresentation of that case. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* involved a district court's decision over matters governed by Fed.R.Civ.P. 37, as shown in the case syllabus:

> "Federal Rule of Civil Procedure 37(b)(2)(A) provides that a district court, as a sanction for failure to comply with discovery orders, may enter
> [a]n order that the matters regarding which the [discovery] order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

Rule 37 has nothing to do with service of process by any person, in any capacity, under any rule.

**Case In Point:**

---

[2]The lone Supreme Court case upon which defendant relies on the issue of service.

*Light v Wolf*, 816 F 2d 746 (D.C. Cir. 1987)[3] speaks for itself:

> "This case concerns the proper method of service of process on a federal official who is being sued, ostensibly in her individual capacity, for activities that might actually fall within the scope of her official duties. More specifically, the question is whether in that situation service upon the individual alone is sufficient, or whether, as the District Court held, service on the United States is also required."

*Light v Wolf* was about nothing more than whether a federal employee (Pat Genis, for example) could sue her boss (USA Taylor, for example), for interfering with a private contract (with a local law firm, for example). The case was dismissed solely because service of process was quashed:

> "Employee of government agency brought action against agency supervisor for slander and tortious interference with contract involving contract employee had negotiated with private foundation. The United States District Court for the District of Columbia, John Garrett Penn, J., ordered that service of process be quashed and action be dismissed. Employee appealed. The Court of Appeals, Harold H. Greene, District Judge, sitting by designation, held that, although allegations of employee's complaint on their face supported employee's claim that action was purely private dispute, action might in substance be regarded as one against supervisor in her official capacity, and thus employee's failure to serve copy of summons and complaint on both supervisor and United States required dismissal of action."

Clearly, *Light v Wolf* had nothing to do with how defendant Wolf was served, nor even how the United States was (not) served (at all) in what was intended to be a private cause of action.

**Case In Point:**

In what is apparently a case so far removed from the issues in the case at bar that the misrepresentation thereof rises to a whole new order of magnitude, *Relf v*

---

[3] The first of only 2 cases cited that was litigated in the D.C. Circuit.

*Gasch*, 511 F.2d 804 (DC Cir 1975)[4] was a case in which Relf, as next friend for minor

relatives (also Relfs), sought mandamus against Gasch, a District Court Judge, for

transferring a Federal Tort Claims Act action regarding the unauthorized,

nonconsensual tubal sterilization of the minor Relfs.

While Plaintiffs believe that the depths of this outrageous misrepresentation can

only be fully understood by a complete reading of *Relf*[5], the essential point is that the

D.C. Circuit found that Judge Gasch lacked jurisdiction to transfer the distasteful case

from the District of Columbia to the Middle District of Alabama. *Relf*, note 12.

*Relf* had absolutely nothing to do with service of process in any form, by any

person, in any capacity.


## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent the

status of the Court's subject matter jurisdiction?

## DISCUSSION

As discussed in Plaintiff's Motion, the Court's *subject matter* jurisdiction was

verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006),

decided February 22, 2006, and that precedent was cited by the District Court in *Turner

v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448

F.Supp.2d 37 (D.D.C. 2006), and their progeny. Arbaugh was decided February 22,

---

[4]The second of the 2 cases cited that was litigated in the D.C. Circuit.

[5]A most distasteful lesson in unchecked agency authority.

MOTION FOR RELIEF FROM ORDER OF
DISMISSAL UNDER FED.R.CIV.P. 60(b)

2006, and preceded defendant's motion to dismiss, yet defendant, with the active assistance of counsel, presented "lack of subject matter jurisdiction" as a primary ground for dismissal.

## QUESTION PRESENTED

Was the ground of "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature, in the context of "notice pleadings" under Fed.R.Civ.P 8(a), *Conley v. Gibson*, 355 U.S. 41, and Fed.R.Civ.P 12(h)(2)?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts.

This Court has already determined that "exhaustion" is a factual issue, and defendant, which maintains vigorous disagreement with the *Arbaugh* Court, has been wont to assert that Plaintiff has failed to plead exhaustion. Once again, the United States Supreme Court disagrees.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

and that,

"The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

The *Jones* Court also reiterated:

"Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[6]

and,

"Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Plaintiff asserts that the Verified Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[7], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), and that defendant's Motion to Dismiss, insofar as it asserted "failure to state a claim", is premature, and an attempt to pre-empt the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies* available " as described in IRC § 7433(d)[8], [9].

---

[6] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

[7] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[8] Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[9] The Congressional language of 7433(d) is further addressed below.

7433(d)'s language - "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. *Arbaugh*, 1240; *Reeves*. Thus, motion to dismiss on grounds of "failure to state a claim" can be, and, based upon the Congressional language, <u>is</u>, more properly brought <u>after</u> the Court (see footnote 7) has had the opportunity to make a factual determination with respect to exhaustion of <u>available</u> administrative remedies.

Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the jury could, upon examination of all relevant facts, find that available remedies were not exhausted; Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:

> "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a)[10], or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

## SUPPLEMENTAL QUESTION PRESENTED

Are "general allegations", in the context of the Fed.R.Civ.P 8(a) "notice Pleadings" Rule, as interpreted in *Conley v. Gibson*, 355 U.S. 41, and reiterated in *Jones v Bock,* __ U.S. _____, (Decided: January 22, 2007) (purportedly made by a multitude of Plaintiffs), sufficient to establish a presumption of a pattern of unlawful activity?

---

[10]"Pleadings permitted" are limited to "complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed</u>, except that the court may order a reply to an answer or a third-party answer." (Emphasis added)

## DISCUSSION

Defendant, by and with the assistance of counsel, raised the issue that the allegations in the instant case are similar, if not identical, to dozens of other cases filed to this Court. Plaintiff, concerned only with the instant case, asserts that any alleged similarity of allegations in other cases is irrelevant in respect of the instant case, and draws the Court's attention to the fact that the alleged redundancy of such "general allegations", especially in the numbers asserted by defense counsel, strongly indicates a pattern of unlawful activity on the part of defendant's agency. As contemplated in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(5):

> (5) "pattern of racketeering activity" requires at least two acts of racketeering activity[11], one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity

Acts generally complained of in the Verified Complaint in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18 U.S.C. § 1961(1), such as 1) extortion, in forcing Plaintiff to make financial

---

[11] As used in Title 18, Chapter 96-
(1) "racketeering activity" means (A) any act or threat involving...extortion; (B) any act which is indictable under ... title 18, United States Code: section 1028 (relating to fraud and related activity in connection with identification documents), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), sections 1581-1591 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering) ...(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens),

"arrangements" to avoid attack on property, and acts indictable under Title 18, United States Code: §§ 1028, 1341, 1343, 1344, 1503, 1510, 1511, 1512, 1513, and 1951, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4).

### QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" section 7433 language that Congress had included in TBOR I, totally removed from TBOR II, and intentionally omitted from TBOR III?

### DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies. TBOR II, Public Law 104-168, 110 Stat. 1465 (1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion. TBOR III (1998, in Public Law 105-206, §§ 3000, 3102) specified only that "A judgment for damages shall not be awarded under subsection (b) *unless the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service." 26 USC § 7433(d) (emphases added).

It appears that defendant's insistence (in the Motion to Dismiss, citing the regulation) that administrative remedies must be exhausted "prior to" commencement of a civil action relies solely upon language removed by Congress in 1996; no such "prior exhaustion" language was added in 7433's current incarnation.

### QUESTION PRESENTED

Is Treasury Decision 9050, 68 FR 14320, Mar. 25, 2003, in merely <u>amending</u> Treasury Decision 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, a reasonable interpretation of P.L. 105-206, § 3102 under the deferential framework of *Chevron U.S. A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837?

### DISCUSSION

As shown in Title 26 of the Code of Federal Regulations, IRS failed to prescribe the administrative procedure necessary to give effect to section 7433, as originally added, for over three years after Congress enacted TBOR I.  Treasury Decision 8392, 57 FR 3536, necessary from and after November 10, 1988, was not promulgated until January 30, 1992, and it appears that the regulation was ineffective until February 18, 1992.  "Remedy", under the 1988 Act was unavailable until 1992.

In respect of Congress' removal of the jurisdictional prohibition in TBOR II (1996), Plaintiff has been unable to find an amended final regulation, but was able to find the "Notice of proposed rulemaking" discussing TBOR II, attached as Exhibit ___ and incorporated by reference.  The "Notice of proposed rulemaking"  clearly shows that IRS was aware of Congress' removal of the jurisdictional prohibition.

It must be noted that Treasury Decision 9050, as published, 68, FR 14320, purported to amend Treasury Decision 8392 (the 1992 regulation) indicating that no "final" regulation implementing the 1996 Act (TBOR II) ever became effective.

Treasury Decision 9050 was itself not effective until March 25, 2003, more than four years and nine months after Congress' enactment of P.L. 105-206, § 3102 (TBOR III).  In fact, the regulation was not even proposed until March 5, 2002.  Federal

Register: Volume 67, Number 43, Page 9929-9934. "Remedy", under the 1998 Act was unavailable until 2003.

This period of "unavailability" of administrative remedy provides the context in which the March 25, 2003 version of the regulation re-implements TBOR I's "prior administrative exhaustion" requirement, without the statutory framework necessary to such re-implementation.

Plaintiff asserts that Treasury Decision 9050 (the current 26 C.F.R. § 301.7433-1) is 1) an unreasonable interpretation of Public Law 105-206, § 3102; 2) exceeds the authority of Public Law 105-206, § 3102 by reinserting the "may not be maintained" ("prior exhaustion") language of TBOR I; 3) impermissibly extends the operation of the exhaustion requirement; 4) frustrates Congress' intent in creating, and amending, 7433; and that it 5) effectively converts a "7433 damages" claim into a "7422 refund" claim, effecting an unauthorized "stealth repeal" of TBOR III by regulation.

THE REGULATION IS AN UNREASONABLE INTERPRETATION

The current regulation requires that an injured Citizen wait up to six months for a ruling on an administrative claim before bringing a civil suit, failing, even under the deferential framework of *Chevron U.S. A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, the standard of reasonable interpretation of a statute, and is intended to frustrate a 7433 Plaintiff, to wit:

Few people, if any at all, could withstand the six month period for reasons known to, and published by, the National Taxpayer Advocate.[12] This <u>half-year</u> waiting period is

---

[12]SEE: excerpts from NATIONAL TAXPAYER ADVOCATE 2005 ANNUAL REPORT TO CONGRESS, attached and incorporated by reference.

extreme. In almost every other instance, IRS is limited to (and may limit to) 30 days. Examples include Collection Due Process Hearing requests (30 days, imposed by Congress); pre-Notice of Deficiency letters (30 days); even the opportunity to petition for redetermination of a Notice of Deficiency has a window of only 90 days. Yet IRS chose to give itself <u>183 days</u> to decide upon an administrative damages claim, asserting, in some instances, the need for time to gather and review its records in relation to the claim. This assertion is clearly shown as false by the sworn testimony of IRS Records Custodian Robert Dean in UNITED STATES OF AMERICA, v. RICHARD MAYNOR BLACKSTOCK, CASE NO. 06-CR-62-TCK[13]. According to Dean's sworn testimony, IRS can "get access to any records that are filed anywhere in the United States." Records Custodian Dean's testimony establishes that records can be "gathered" in a matter of moments, certainly within a day; it is incomprehensible that it could take an additional 182 days to review those records.

THE REGULATION EXCEEDS THE AUTHORITY OF THE STATUTE

In construing 7433's current incarnation, the starting point must be the language employed by Congress. In *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997), the Court stated, as it has before:

> Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and "the statutory scheme is coherent and consistent." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 240 (1989); see also Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-254 (1992). [519 U.S. 341]

See also: *Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326

---

[13] See: TRANSCRIPT OF PROCEEDINGS, JUNE 19, 2006, p.4, lines 3 through 10.

(1979) and the courts must assume that the legislative purpose is expressed by the ordinary meaning of the words used. *Richards v United States*, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962). 7433's current language must ordinarily be regarded as conclusive, *Consumer Product Safety Comm'n v GTE Sylvania, Inc.*, 447 US 102, 108, 64 L Ed 2d 766, 100 S Ct. 2051 (1980), and unless Congress has clearly indicated that its intentions are contrary to the words it employed in the statute, this is the ending point of interpretation. *Fuller v. United States*, 615 F. Supp. 1054 (D.C. Cal 1985; quoting Richards v. United States, supra.

TBOR III, found in section 3102 of the IRS Restructuring and Reform Act of 1998, specifically omits the "prior exhaustion" requirement previously found in TBOR I. Section 7433, as re-amended by TBOR III, is <u>silent</u> with respect to bringing or maintaining a 7433 action. The revision states no more than "…no judgment shall be awarded unless the Court <u>determines</u> that administrative remedies <u>available</u> have been exhausted." Treasury Decision 9050 purports to completely thwart the Court's jurisdiction ("no suit may be maintained") in excess of the statutory mandate. To that extent, the "amendment" of the regulation in Treasury Decision 9050 exceeds the reach of the statute. (Emphases added)

As noted above, "determines" relates to a factual issue, within the province of a jury; the factual determination necessarily includes the extent to which any administrative remedy is "available".

AVAILABILITY OF REMEDY

A comprehensive history of IRC § 7433 was published by the American Bar

Association, and Plaintiff respectfully directs the Court's attention to what the Bar had to say about the re-amendment:

> "[F]ew pro se plaintiffs have actual notice of the process established by Treasury Regulation section 301.7433-1. Congress should understand many people's distrust of the ability of the IRS to proceed with their claims…"

As discussed below, the Bar's recognition that "few pro se plaintiffs have actual notice of the process" directly addresses "availability" of remedy, as shown by IRS published policy regarding return of amounts unlawfully collected. Internal Revenue Service Policy P-5-36, published in the Internal Revenue Manual, at 1.2.1.5.9, is to refrain from returning amounts unlawfully collected. P-5-36 states:

> "(1)    Returning money wrongfully collected: This Policy Statement has been revoked."

Thus, even if IRS has collected unlawfully, and knows it, whatever Policy might have existed was revoked. The administrative remedy of filing a claim to recover unlawfully collected amounts is clearly unavailable when the Service Policy on such matters has been revoked.

REGULATION IMPERMISSIBLY CONVERTS DAMAGES ACTION INTO REFUND ACTION

By requiring that Plaintiff(s) (claimants) place a specific value upon injuries claimed, the regulation effectively neuters the statutory provision in instances where, as alleged in Plaintiff(s) complaint, IRS denies a meaningful Collection Due Process Hearing; a "collection" might not yet have occurred, yet Plaintiff's right to challenge the existence of the underlying liability - established in the statutory provision

(6330(c)(2)(B)) - is thwarted[14].

THE REGULATION FRUSTRATES CONGRESS' INTENT

TBOR I, TBOR II, and TBOR III (RRA '98, § 3102) are testaments of Congress' awareness that IRS cannot be trusted to administer the tax code without supervision. Indeed, in the words of former Deputy Assistant Secretary of Treasury Bradford DeLong, now a Professor at University of California, Berkeley,

> "The IRS's comparative advantage is using random terror to elicit voluntary compliance with the tax code…".

Congress intended that Citizens harmed by IRS' legendary disregard of governing statutes and regulations have an avenue to be made whole. Once again, the Congressional "key" is <u>availability</u> of the administrative remedy. If the Court makes a factual determination (province of the jury) that an administrative remedy is effectively unavailable, it need not be pursued.

The Supreme Court in *Morton v. Ruiz*, 415 U.S. 199 (1974), opined, at 235:

> Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required. Service v. Dulles, 354 U.S. 363, 388 (1957); Vitarelli v. Seaton, 359 U.S. 535, 539-540 (1959).

As established in the Code of Federal Regulations, IRS refused to even establish procedures for four years after the right to bring an action was granted by Congress, and currently imposes a prohibitive provision omitted by Congress. Administrative remedy, arguably available in form, is effectively unavailable in substance, as evidenced by Treasury Inspector General Tax Administration reports, mandated in RRA '98,

---

[14]Counsel's mischaracterization of the instant case as a "refund" action is specifically addressed below.

section 1102, failing to show a single instance of IRS granting an administrative claim

for damages.  The TIGTA Reports, spanning at least 5 years,  are attached and

incorporated by reference.

As stated by the *Morton Court*:

> The agency power to make rules that affect substantial individual rights and
> obligations carries with it the responsibility not only to remain consistent with the
> governing legislation, *FMC v. Seatrain Lines, Inc.*, 411 U.S. 726 (1973); *Dixon v.
> United States*, 381 U.S. 68, 74 (1965); *Brannan v. Stark*, 342 U.S. 451 (1952),
> but also to employ procedures that conform to the law. See *NLRB v.
> Wyman-Gordon Co.*, 394 U.S. 759, 764 (1969) (plurality opinion).

Treasury Decision 9050 fails to remain consistent with P.L 105-206 section 3102,

*FMC v. Seatrain Lines, Inc.*, *Dixon v. United States*, *Brannan v. Stark*, and the

procedures therein fail to conform to the law.  *NLRB v. Wyman-Gordon Co.*

Lack of specific attention to the statutory authorization is especially important in

light of the Supreme Court's pronouncement in *Skidmore v. Swift & Co.*, 323 U.S. 134,

140 (1944), quoted in *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 287 n. 5

(1978), and cited in *SEC v. Sloan*, 436 U.S. 103 (1978), specifying that factors to be

considered in giving weight to an administrative ruling include "the thoroughness evident

in its consideration, the validity of its reasoning, its consistency with earlier and later

pronouncements, and all those factors which give it power to persuade, if lacking power

to control."  *SEC v. Sloan*, 436 U.S. 103, 117-118.

The regulation itself is the best evidence of "Lack of specific attention to the

statutory authorization" (Skidmore) and failure of "thoroughness…in its consideration"

(Sloan).  In 301.7433-1's subsection (a), "An action for damages...may not be

maintained...", notwithstanding Congress' omission of a "prior exhaustion" requirement;

paragraph (1) thereof changes, "reckless or intentional actions" to "reckless or international actions..." (emphasis added).

Treasury Decision 9050 fails to remain consistent with P.L 105-206 section 3102; the procedures therein fail to conform to the law, and the regulation fails "all those factors which give it power to persuade." *SEC v. Sloan*, 436 U.S. 103, 117-118.

Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute. Such review is always properly within the judicial province, and courts would abdicate their responsibility if they did not fully review such administrative decisions. *National Labor Relations Board v. Brown*, 380 U.S. 278, 291-292.

## QUESTION PRESENTED

Was counsel's "refund suit" construction of the Verified Complaint - in the absence of a venue assertion - a willful mischaracterization intended to mislead the Court?

## DISCUSSION

Under the "refund suit" statute, 26 U.S.C. § 7422, and 28 U.S.C. § 1402(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides. Plaintiff contends that defendant should be estopped from "converting" Plaintiff's damages claim (clearly intended) into a refund claim (clearly unintended) in the absence of a venue challenge.  Further, Plaintiff asserts that the omission of a venue challenge indicates defendant's awareness of venue for such a suit.  Plaintiff contends that,

absent a venue challenge, defendant's Motion to Dismiss on "refund" was little more than a dilatory tactic, intended to mislead the Court, through prejudice, into a dismissal on any grounds.

## QUESTION PRESENTED

Was counsel's assertion with respect to the Anti-Injunction Act (AIA) a fraud upon the Court?

## DISCUSSION

Counsel asserted (and the Court accepted the assertion) that the AIA prohibits the Court from enjoining defendant's agents/agency from *further* disregarding statute(s) and regulation(s) in exercising delegated authority. As noted by by the Honorable Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61),

The Anti-Injunction Act provides, in relevant part:

Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

*Larue* also reiterated that the Anti-Injunction Act "could scarcely be more explicit" (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 736, 94 S. Ct. 2038,40 L. Ed. 2d 496 (1974)).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to provide Notice of Deficiency in accordance with IRC § 6212, arguably "within the rubric of 26 U.S.C. § 6212(a), which states:

"If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

*Larue v. United States*, (DDC 06-61).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213, arguably "within the rubric" (*Larue*) of 26 U.S.C. § 6213(a). Section 6213(a) provides that "[n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court[.]" 26 U.S.C. § 6213(a).

Plaintiff specifically alleged in the Verified Complaint that defendant failed to afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330.

At least three of the Anti-Injunction Act's exceptions apply to allegations contained in my Verified Complaint.

Plaintiff contends that defendant's Anti-Injunction Act argument, in the face of clear exceptions to the operation of the AIA, was fraudulently intended to "reinstate" the failed subject matter jurisdiction argument in spite of the Supreme Court's *Arbaugh* decision.

Based upon the foregoing, Plaintiff respectfully seeks relief from Order of dismissing the above-captioned action.

Respectfully Submitted


Dated _____APRIL  06 TH_____, 2007


_Stephen W. Lykens_
Stephen W. Lykens


## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:


Beatriz T. Saiz

Trail Attorney, Tax Division

U.S. Dept of Justice

P.O. Box 227

Ben Franklin Station

Washington D.C. 20044


Dated _____APRIL  06 th_____, 2007

_Stephen W. Lykens_