IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN LYKENS, et al., | ) |
| | ) |
| Plaintiffs, | ) No. 1:06-cv-01226 (JDB) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RELIEF FROM ORDER OF DISMISSAL
UNDER FED.R.CIV.P. 60(b)(3) & (6)**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiffs sought damages for alleged "wrongful collection," and injunctive relief. The case was dismissed in November 2006, and the plaintiffs have now moved to reconsider.

STATEMENT & DISCUSSION

1. <u>Background</u>.  Plaintiffs, Stephen W. Lykens and Linda D. Lykens, filed a complaint for damages on March 3, 2006. (PACER #1.) The United States filed a motion to dismiss on May 17, 2006. (PACER # 17.) On May 22, 2006, the Court issued an order advising plaintiffs to respond to the motion to dismiss by June 12, 2006. (PACER #6.) Plaintiffs did not respond to the motion to dismiss, and on June 28, 2006, the Court dismissed plaintiffs' complaint. (PACER #7).

2. <u>Plaintiff's Rule 60 motion</u>.  On April 9, 2007, plaintiffs' filed a motion for "relief from the Order . . . dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P.60(b)(3) and (6)."  (Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 1.)  The motion seeks to vacate the Court's order entered on November 27, 2006.  (*Id.*)

3. <u>Plaintiff's Rule 60(b)(3) motion is baseless</u>.  The standard for relief under Rule 60(b)(3) is exacting: plaintiff must prove "by clear and convincing evidence some sort of fraud, misrepresentation or other misconduct." *Martin v. Howard Univ.*, 2000 WL 2850656, *3 (D.D.C. 2000), and must demonstrate "actual prejudice" resulting from the misconduct, misrepresentation or fraud." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

Plaintiffs present eight arguments in support of their motion for reconsideration.<u>1</u>/  (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 4, 6, 7, 8, 9.)  None specifies whether it is in support of Rule

---

<u>1</u>/ These legal arguments are: 1) is dismissal with prejudice a "drastic" remedy (Mot. for Relief, p. 3); 2) did the United States misrepresent the status of the Court's subject matter jurisdiction (p. 4); 3) were the United States assertions regarding the Declaratory Judgment Act a fraud on the Court (p.4); 4) can section 7433 be harmonized with the Declaratory Judgment Act (p.5); 5) was dismissal for failure to state a claim premature under the notice pleading regime of the federal courts (p.6); 6) did plaintiffs adequately demonstrate their exhaustion of administrative remedies under the notice pleading regime of the federal courts (p. 7); 7) did the United States "read into" section 7433 an exhaustion requirement that was not in the statute (p.8); 8) is 26 U.S.C. § 301.7433-1 a valid regulation (p.9); 9) did the United States willfully misconstrue plaintiffs' complaint as a "refund suit" (p.9); and 10) did plaintiffs establish an exception to the Anti-Injunction Act (p. 10)?

60(b)(3) or (6).  But it appears that only two allege misconduct, misrepresentation or fraud.  (*Id*. at 2 & 4.)  Plaintiffs ask whether the United States misrepresented language of Fed.R.Civ.P. 4(i) regarding service on the United States and the Court's subject-matter jurisdiction.  (*Id.*)

The United States' arguments in its motion to dismiss that a party may not effect service on the United States and that failure to exhaust administrative remedies deprives this Court of subject-matter jurisdiction under the principle of sovereign immunity were fully supported with citations to decisions in this jurisdiction.  In fact, on pages three and four of the memorandum supporting the motion to dismiss, a split of authority on whether the failure to exhaust administrative remedies leads to a dismissal under Rule 12(b)(1) or 12(b)(6) was discussed.  There was nothing misrepresented.  Accordingly, plaintiffs cannot show any misconduct, misrepresentation or fraud that would warrant relief under Rule 60(b)(3).

In addition, this Court treated the United States' motion to dismiss as conceded because plaintiffs did not respond to the motion in the time specified by the Court.  (Order at 1.)   Therefore, plaintiffs cannot demonstrate "actual prejudice" as required by Rule 60(b)(3) based upon the arguments in plaintiffs' motion for reconsideration.

4.  <u>Plaintiff's Rule 60(b)(6) motion is baseless</u>.  Relief under Fed.R.Civ.P. 60(b)(6) should be only sparingly granted.  *Computer Professionals for Social Responsibility v. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996).  The Rule applies only to extraordinary circumstances.  *Id*.  Nevertheless, when a party timely presents a previously undisclosed

fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under Rule 60(b) may be proper. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

It is clear from plaintiffs' papers that all four of their arguments are presentations of purely legal arguments. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 4, 6 & 7.) Plaintiffs present only one new fact – they assert that they have now "exhausted all available administrative remedies." (*See* Pltlfs.' Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6), at 8.)

This is not a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." The point of the earlier judgment was that plaintiffs had not, at that time, exhausted their administrative remedies. To be sure, that fact *may have changed* since the Court dismissed their complaint. But a *subsequent change in circumstances* is not a fact that justifies opening a settled judgment under Rule 60(b)(6), or any other rule.

CONCLUSION

It is the position of the United States that plaintiffs' motion under Fed.R.Civ.P. 60(b)(3) & (6) should be denied.

DATE:   April 12, 2007.

> Respectfully submitted,
>
> /s/ Beatriz T. Saiz
> BEATRIZ T. SAIZ
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Washington, DC  20044
> Telephone/FAX:  (202) 307-6585/614-6866
> Email: beatriz.t.saiz@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3) & (6) was served upon plaintiffs by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Stephen W. Lykens
>Linda D. Lykens
>P.O. Box 408
>Twin Lake, Michigan 49457

>/s/ Beatriz T. Saiz
>BEATRIZ T. SAIZ