UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN W. LYKENS, et al.,

    Plaintiffs,

        v.

UNITED STATES GOVERNMENT,

    Defendant.

Civil Action No. 06-1226 (JDB)

**MEMORANDUM OPINION**

On November 27, 2006, the Court held that plaintiffs failed to exhaust administrative remedies as required by 26 U.S.C. § 7433(d) and 26 C.F.R. § 301.7433-1(e) and therefore dismissed this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). See Mem. Op. at 7-10. The Court also dismissed for lack of subject matter jurisdiction plaintiffs' request for injunctive relief and request for an order directing replevin of previously seized property. See Mem. Op. at 10-13 & n.6. Plaintiffs have now moved for relief from that decision pursuant to Fed. R. Civ. P. 60(b)(3) and (6), contending primarily that defendant misrepresented the law, the exhaustion regulation is invalid, and the issue of exhaustion must be tried to a jury. The Court has reviewed these and sundry other arguments asserted by plaintiffs, and finds no grounds for granting relief from the order of dismissal.[1]

---

[1] Defendant has filed a response to plaintiffs' motion, but that response appears to be referring to the record in a different case. Defendant describes a complaint filed on a different date (March 3, 2006, instead of July 6, 2006), and more significantly, characterizes the Court's decision as granting the motion to dismiss as conceded. See Def.'s Mem. in Opp. to Pls.' Mot. for Relief from Order of Dismissal at 1. However, the record in this case -- and the November 27, 2006 Memorandum Opinion -- clearly show that the motion to dismiss was opposed, and that the Court gave full consideration to plaintiffs' opposition brief in resolving the case.

## DISCUSSION

Plaintiffs first contend that defendant made fraudulent misrepresentations about the law, including the requirements of service of process under Fed. R. Civ. P. 4, the law governing subject matter jurisdiction, and the limitations of the Court's authority under the Anti-Injunction Act, 27 U.S.C. § 7421. The Court finds no such misrepresentations. Although the Court did not agree with all of the arguments asserted by defendant -- most notably, whether failure to exhaust should be considered jurisdictional -- the arguments had some measure of support in existing law and were not frivolous. See Fed. R. Civ. P. 11(b). More significantly, the Court held that failure to exhaust was a proper ground for dismissal, notwithstanding the nonjurisdictional nature of the defense.

Furthermore, the Court finds without merit plaintiffs' allegation of "fraud" with regard to defendant's request for dismissal under the Anti-Injunction Act. Specifically, plaintiffs contend that their request for injunctive relief is entitled to reinstatement because it contains references to some of the enumerated statutory exceptions to that Act, and thus, like a similar complaint in Larue v. United States, No. 06-61, 2006 WL 4491442, at *11-12 (D.D.C. Dec. 4, 2006), should be allowed to proceed. See Pls.' Mem. at 21-22 (citing complaint's references to 26 U.S.C. § 6212, 6213(a), and 6330(a) as falling within statutory exceptions to the Act); Am. Compl. at 9-10 (citing the same provisions). However, conclusory references to those statutory exceptions, without supporting factual allegations, are insufficient to overcome the section 7421 bar to suits seeking to "restrain the assessment or collection of any tax." See Lindsay v. United States, 448 F. Supp. 2d 37, 58 (D.D.C. 2006) (considering whether a similar complaint's references to 26 U.S.C. § 6212, 6213(a), and 6330(a) were sufficient to overcome the section 7421 bar, and holding that the exceptions did not apply because plaintiffs failed to allege "any factual basis

whatsoever to support . . . conclusory statements" about applicability of exceptions); see also Hallinan v. United States, 498 F. Supp. 2d 315, 319 (D.D.C. 2007) (holding that a conclusory citation to one of the statutory exceptions to the Anti-Injunction Act is insufficient to survive a motion to dismiss).  Indeed, Larue -- plaintiffs' primary authority in support of reinstating their request for injunctive relief -- held in later proceedings that similar conclusory references to the statutory exceptions were insufficient to allow the action to proceed, and thus dismissed the plaintiffs' similar requests for injunctive relief.  See Larue v. United States, No. 06-61, 2007 WL 2071672, at * 3 (D.D.C. July 13, 2007).  Therefore, plaintiffs' motion for relief from judgment on this ground is denied.

Plaintiffs next contend that complaints can no longer be dismissed for failure to exhaust administrative remedies after Jones v. Bock, 127 S. Ct. 910 (2007), which plaintiffs characterize as foreclosing consideration of an exhaustion defect through a motion to dismiss, insofar as Jones categorizes it as an affirmative defense.  Jones does contain the observation that "the usual practice under the Federal Rules [of Civil Procedure] is to regard exhaustion as an affirmative defense."  See 127 S. Ct. at 919.  But Jones also recognizes that dismissal for failure to state a claim may be appropriate if the complaint somehow indicates that the defense is applicable.  Id. at 921 ("[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract").  Thus, this Circuit has observed that, "even when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face."  See Thompson v. Drug Enforcement Admin., 492 F.3d 428, 438 (D.C. Cir. 2007); see also Romashko v. United States, No. 05-2209, 2007 WL 2908754, at * 7 (D.D.C. Sept. 30, 2007).

Here, plaintiffs' complaint indicated that they regarded exhaustion as futile and not applicable to their situation, thus indicating the applicability of the defense. Compl. at 4-5. In their subsequent briefs, plaintiffs did not dispute that they failed to comply with the exhaustion requirement set forth in 26 C.F.R. § 301.7433-1. Thus, resolution of the issue of failure to exhaust administrative remedies pursuant to a Rule 12(b)(6) motion to dismiss was appropriate and fully consistent with Jones v. Bock.[2]

      Plaintiffs also contend that the IRS regulation on exhaustion of administrative remedies, 26 C.F.R. § 301.7433-1, is invalid. This Court comprehensively reviewed the validity of that regulation in Evans v. United States, 433 F. Supp. 2d 17, 21-23 (D.D.C. 2006), and held that the regulation sets forth a reasonable interpretation of the exhaustion requirement in 26 U.S.C. § 7433 that is entitled to deference under Chevron USA, Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). The Court considered the argument that the regulation is impermissibly more restrictive than section 7433 and that it is inconsistent with the legislative history -- the same arguments now made by plaintiffs -- and, after reviewing the statutory text and legislative history, found those arguments were not supported. See Evans, 433 F. Supp. 2d at 23. Subsequent decisions have agreed with that conclusion and upheld the validity of 26 C.F.R. § 301.7433-1. See, e.g., Hallinan, 498 F. Supp. 2d at 318 & n.1; O'Connor v. United States, No. 05-2075, 2007 WL 274755, at *2 (D.D.C. Jan. 29, 2007); Rippl v. United States, No. 05-165, 2006 WL 2024966, at *2-3 (D.D.C. July 17, 2006). The arguments raised by plaintiffs merely

---

    [2] Plaintiffs also contend that they are entitled to a jury trial on whether they should be required to exhaust administrative remedies. As this Court explained in Evans v. United States, No. 06-32, 2006 WL 2527976 (D.D.C. May 18, 2006), "[w]hether exhaustion of administrative remedies is required (including whether an exception applies) presents a question of law, which is for the court, rather than a jury, to decide." Id. at *2 (citing, inter alia, Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 248 (3d Cir. 2002)).

repeat arguments that have previously been rejected, and the Court finds no basis here for reaching a different result.

Plaintiffs further suggest that the Court rested dismissal of their case on the incorrect premise that the suit was a refund suit under 26 U.S.C. § 7422. That is not the case. The Court's November 27, 2006 Memorandum Opinion fully explains its consideration of plaintiffs' damages claim under 26 U.S.C. § 7433 (as set forth in the complaint) and the grounds for dismissal of that claim. The Court, however, found it necessary to address whether plaintiffs' additional request for an order directing replevin of property seized by the IRS could proceed. See Mem. Op. at 12 n.6. The Court explained at length in the Memorandum Opinion that any request for recovery of a tax -- or "any sum alleged to have been . . . wrongfully collected " -- is a request for refund governed by section 7422, whether or not a plaintiff invokes that provision or uses that nomenclature. Mem. Op. at 12 n.6; see also Ross v. United States, 460 F. Supp. 2d 139, 151-52 (D.D.C. 2006). The Court then concluded that plaintiffs' request for relief under the label "replevin" was, in essence, a request for refund, and dismissed that claim because plaintiffs had not submitted an administrative claim for a refund as required by section 7422. Plaintiffs have failed to present any ground for reconsideration of that ruling.

## CONCLUSION

For the foregoing reasons, the Court will deny plaintiffs' motion for relief from the order of dismissal. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Date: December 10, 2007